# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TERRANCE ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-726 (RJL) |
| | ) | |
| CHIMES DISTRICT OF COLUMBIA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION and ORDER

February ___, 2012

This matter is before the Court on defendant's motion to dismiss. For the reasons discussed below, the motion is denied.

## I. BACKGROUND

Plaintiff alleges that he is disabled by depression and diabetes. *See* Compl. ¶¶ 1, 5 (paragraph numbers designated by the Court). His diabetes is "severe [and] uncontrolled . . . and monitoring his endocrine levels requires frequent visits to the clinic, as well as laboratory tests." *Id.* ¶ 4.

Previously plaintiff was employed "by Chimes District of Columbia Inc. to work . . . as a custodian[,] . . . a job governed by the federal Javits-O'[D]ay (JWOD)

1

Program"[1] for "disabled individuals" who "are not capable of independently obtaining and maintaining a job in a competitive work environment." *Id.* ¶ 1.  On April 24, 2007, plaintiff did not report for work because his "glucose levels fell below normal as a byproduct of a change in medication." *Id.* ¶ 2.  He reported to work on the following day "with a Doctor's letter of explanation." *Id.*  Apparently there was a sanction imposed as a result of this incident which prompted plaintiff to inquire into filing a grievance.  *See id.*  He was told that, if he could not do his job, he "need[ed] to resign." *Id.*

In August 2007, plaintiff requested a leave of absence so that he could attend a class for diabetes patients.  *Id.* ¶ 3.  He was informed that he could "simply go to the appointments and return with a Doctors [sic] explanation" rather than arrange for a leave of absence.  *Id.*  When he returned to work after the third day of the class, he "was informed by security that he was barred from the building." *Id.*  He "received a letter dated August 31, 2007, stating that since he had not reported to work since August 24th, it [was] assumed he 'voluntarily resigned.'" *Id.* ¶ 4.  Plaintiff filed a formal discrimination complaint with a local fair employment practices agency, the findings of which the Equal Employment Opportunity Commission ("EEOC") adopted.  *See* Dismissal and Notice of Rights, EEOC Charge No. 570-2008-00148, (December 30, 2010), Ex. to Compl.

---

[1]  Plaintiff presumably is referring to the Javits-Wagner-O'Day Act, *see* 41 U.S.C. §§ 8501-8506 (formerly cited as 41 U.S.C. §§ 46-48c), which furthers the federal government's policy "to increase employment and training opportunities for persons who are blind or have other severe disabilities through the purchase of commodities and services from qualified nonprofit agencies employing persons who are blind or have other severe disabilities."  41 C.F.R. § 51-1.1.

Plaintiff alleges that the Project Manager to whom he reported "was willfully negligent because of personal issues and a belittling attitude interfering with her performance." *Id.* ¶ 5.  Plaintiff demands "maximum compensatory and punitive damages." *Id.*

## II. DISCUSSION

Defendant moves to dismiss the complaint under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.  *See* Mem. of Law in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem.") [Dkt. #5] at 3-5.  Generally, defendant deems plaintiff's allegations "a paradigmatic example of deficient, conclusory statements that are legally insufficient under applicable law." *Id.* at 5.  It finds "no facts which establish any specific factual circumstance delineating the purported violation of 'willful negligence,' nor are there dates, witnesses, or other relevant information sufficient to raise [p]laintiff's right to relief for such a cause of action." *Id.*

A plaintiff need only provide a "short and plain statement of [his] claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted).  On a Rule 12(b)(6) motion to dismiss, a "complaint is construed liberally in the plaintiff['s] favor, and [the Court] grant[s] plaintiff[] the benefit of all inferences that can be derived from the facts alleged." *Kowal*

*v. MCI Comm'cns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *see Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000). Defendant's reading of the complaint is overly narrow, given plaintiff's *pro se* status and the Court's obligation to construe a *pro se* pleading liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding "the allegations of [a] pro se complaint . . . to less stringent standards than formal pleadings drafted by lawyers"); *Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007) (same).

The complaint describes plaintiff's medical conditions, alleges participation in a work program for individuals with disabilities, and alleges his termination after having missed work in order to attend a class related to his medical condition. To his complaint, plaintiff attaches a right-to-sue letter from the EEOC, an entity charged with enforcing federal laws which make it unlawful to discriminate against an employee because of his disability. However inartfully drafted, the complaint puts defendant on notice of an employment discrimination claim, and the complaint "need not plead a *prima facie* case of discrimination" at this juncture. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002); *see also Jones v. Air Line Pilots Ass'n, Int'l*, 642 F.3d 1100, 1104 (D.C. Cir. 2011). As plaintiff notes, defendant will have an "opportunity for discovery" during which it may "ask questions," Pl.'s Opp'n at 3 (page number designated by the Court), and otherwise explore the basis of, and evaluate the sufficiency of, plaintiff's claim.

## III. CONCLUSION

The Court concludes that plaintiff's *pro se* complaint meets the minimum pleading standards set forth in Rule 8(a) and states a claim upon which relief can be granted for purposes of Rule 12(b)(6).

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss [Dkt. # 5] is DENIED.

SO ORDERED.

　　　　　　　　　　　　　　　　　/s/ Richard J. Leon
　　　　　　　　　　　　　　　　RICHARD J. LEON
　　　　　　　　　　　　　　　　United States District Judge